******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRAUENGLASS AND ASSOCIATES, LLC
*v.* HELEN ENAGBARE
(AC 38122)

DiPentima, C. J., and Lavine and Kahn, Js.*

*Syllabus*

The plaintiff law firm brought this action against the defendant for, inter alia, breach of contract, seeking to recover unpaid legal fees for the plaintiff's representation of the defendant in a prior dissolution proceeding. The trial court rendered judgment for the plaintiff, and the defendant appealed to this court, which affirmed the judgment. Subsequently, the plaintiff filed motions seeking postjudgment interest and attorney's fees from the date of the underlying judgment through the date of payment in full. The trial court granted the plaintiff's motions, and the defendant appealed to this court. She claimed, inter alia, that the trial court improperly failed to consider newly discovered evidence that the underlying judgment had been obtained by fraud, and that the plaintiff and its attorney, W, committed fraud by fabricating invoices and tampering with evidence. *Held* that the defendant's claims regarding the attorney's fees charged by the plaintiff in the underlying matter constituted an impermissible collateral attack on the underlying judgment: although the plaintiff's motions for attorney's fees and postjudgment interest were the subject of the proceedings before the trial court, the defendant failed to challenge the propriety of the court's award of attorney's fees and statutory interest to the plaintiff, which was the subject of this appeal, and, instead, focused on the plaintiff's conduct in the underlying matter, namely, the attorney's fees charged by the plaintiff for its services provided to the defendant in the underlying dissolution case, and because that matter had been decided in favor of the plaintiff at both the trial and appellate levels, the defendant's arguments could not be addressed or ruled on by the trial court, nor could they be considered by this court, which would have constituted an improper collateral attack on the judgment; moreover, this court declined to consider the defendant's allegations of newly discovered evidence of fraudulent conduct by the plaintiff and W, as those allegations pertained primarily to the legal fees in the underlying action, the defendant did not file a motion to open the judgment in that action on the basis of fraud so as to place the issue of newly discovered evidence of fraud before the trial court, and, to the extent that the defendant claimed, for the first time on appeal, that W's legal fees were fraudulent, this court declined to consider that claim as well.

Argued September 13—officially released November 7, 2017

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the defendant filed a counterclaim; thereafter, the matter was referred to *Edward G. McAnaney*, attorney fact finder, who filed a report recommending judgment for the plaintiff on the complaint and on the counterclaim; subsequently, the court, *Hon. Richard M. Rittenband*, judge trial referee, rendered judgment in accordance with the fact finder's report, from which the defendant appealed to this court, which affirmed the trial court's judgment; thereafter, the court, *Elgo, J.*, granted the plaintiff's motions for attorney's fees and postjudgment interest, and the defendant appealed to this court. *Affirmed.*

*Helen Enagbare*, self-represented, the appellant (defendant).

*Lloyd Frauenglass*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In *Frauenglass & Associates, LLC* v. *Enagbare*, 149 Conn. App. 103, 88 A.3d 1246, cert. denied, 314 Conn. 927, 101 A.3d 273 (2014), this court affirmed the judgment of the trial court awarding the plaintiff, Frauenglass & Associates, LLC, $33,189.97 for unpaid legal fees and interest (underlying action) for its representation of the defendant, Helen Enagbare. Following the defendant's unsuccessful appeal, the plaintiff sought postjudgment interest and attorney's fees. On May 5, 2015, the court awarded the plaintiff $17,270 in attorney's fees for the underlying action, $11,797.50 in appellate attorney's fees and statutory interest of 10 percent from the date of judgment, August 24, 2012, through the date of payment in full.

The self-represented defendant appeals from the award of attorney's fees and interest. Specifically, she claims that the court improperly failed to consider (1) newly discovered evidence that the judgment had been obtained by fraud, (2) evidence that the plaintiff's attorney, Robert H. Weinstein, committed a fraud by fabricating invoices and tampering with evidence, (3) her claim of a violation of General Statutes § 53a-155 (a)[1] and (4) that the plaintiff's conduct violated the Connecticut Unfair Trade Practices Act (CUTPA), § 42-110a et seq. We conclude that the defendant's arguments in the present action constitute an improper collateral attack on the judgment in the underlying action and that she failed to challenge the propriety of the May 5, 2015 award of attorney's fees and statutory interest. Last, her allegations of evidence of newly discovered fraud were not raised properly before the trial court and cannot be considered for the first time on appeal. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The defendant had retained the plaintiff to represent her in a marital dissolution and child custody case. *Frauenglass & Associates, LLC* v. *Enagbare*, supra, 149 Conn. App. 106. In October, 2008, the defendant signed a retainer agreement and paid $7780 to the plaintiff. Id. Approximately four months later, the defendant terminated the services of the plaintiff, and, at that time, owed the plaintiff $21,551.93 for legal fees and costs.[2] Id., 107. The plaintiff initiated the action that underlies this appeal. In that action, the trial court, *Hon. Richard M. Rittenband*, judge trial referee, rendered judgment in favor of the plaintiff in the amount of $21,551.93 plus $11,638.04 in interest, for a total of $33,189.97. Id., 108–109.

On August 28, 2012, the plaintiff filed motions for its own counsel fees in prosecuting the underlying action and for postjudgment interest, which are the subject of this appeal. In the meantime, on August 27, 2012, the defendant filed an appeal from the underlying action,

raising four issues. Id., 104. On April 1, 2014, we affirmed the judgment of the court in the underlying action. Id., 103. On April 22, 2014, the plaintiff filed a motion pursuant to General Statutes § 37-3a for interest from August 24, 2012, the date of the underlying judgment, through the date of payment in full. On that same day, the plaintiff also filed a motion seeking appellate attorney's fees.

The court, *Elgo*, *J.*, held a hearing on the pending motions for attorney's fees and postjudgment interest on February 17, 2015. At that hearing, Weinstein introduced into evidence the retainer agreement and noted that it provided for interest and collection costs, including reasonable attorney's fees. Weinstein subsequently testified that he was seeking $17,270 for his trial work and $11,797.50 for his appellate work on behalf of the plaintiff in the underlying matter, as well as postjudgment statutory interest.[3]

During the defendant's testimony, she stated that the bill she had received from the plaintiff was fraudulent, and therefore she was not liable to pay it. Specifically, she referred to the defendant's exhibit A, which was the invoice, dated October 31, 2008, from the plaintiff to the defendant for legal services provided in the underlying action. The defendant later stated that the plaintiff and Weinstein had prepared a fraudulent invoice for the legal services provided by the plaintiff in the underlying action.

At a second hearing held on May 4, 2015, the defendant iterated her belief that she did not owe the plaintiff any money and that the plaintiff's invoices were fraudulent. These contentions, however, were directed at the plaintiff's conduct with respect to the underlying action, and not at the motions for attorney's fees for the work performed by Weinstein and for postjudgment interest. After hearing argument from the parties, the court inquired: "So, are you still referring to the underlying fees, ma'am?" The defendant responded in the affirmative. After further questioning, the defendant indicated that her claims stemmed from the invoices from the plaintiff, which, as Weinstein correctly noted, applied to the underlying case and were not the subject of the motions presently before the court.[4]

On May 4, 2015, the court issued the following order: "[T]his court finds that the requested attorney's fees for the underlying matter and for defending the appeal of this matter are fair, reasonable and appropriate. The record in this case and the degree to which this litigation has been before the courts, and, ultimately, found in favor of the plaintiff, strongly justifies postjudgment interest and the attorney's fees itemized and entered into evidence. *Moreover, to this day, and as a review of the defendant's court filings reveals, the defendant's challenge to these fees improperly focuses on her arguments in the plaintiff's underlying claim for attorney's fees in the dissolution, which has already been adjudi-*

*cated in the plaintiff's favor and upheld on appeal.* Unfortunately, the defendant's persistently misguided perspective has perpetuated the litigation, to the detriment of the plaintiff's ability not only to secure finality with respect to securing duly earned fees but [also] to controlling the costs of litigation." (Emphasis added.) It awarded attorney's fees in the amount of $29,067.50 and postjudgment statutory interest.[5] The court denied the defendant's subsequent motion to "set aside [the] judgment and [for] reconsideration," and this appeal followed.

Following the resolution of the underlying case, the plaintiff sought attorney's fees and postjudgment interest. These were the subject of the proceedings before Judge Elgo. Rather than responding to these issues, the defendant instead focused on the plaintiff's conduct during the underlying matter, namely, the attorney's fees charged by the plaintiff for its services provided to the defendant in the dissolution case.[6] As properly noted by the trial court, the underlying matter had been decided in favor of the plaintiff at both the trial and appellate levels. Simply put, the defendant's arguments regarding the attorney's fees from the underlying case could not be addressed or ruled on by Judge Elgo. Similarly, we cannot consider the defendant's claims regarding the fees charged by the plaintiff in the underlying matter. To do so would constitute a collateral attack on that judgment, which is not permitted under our law. See *Cimino* v. *Cimino*, 174 Conn. App. 1, 7, 164 A.3d 787, cert. denied, 327 Conn. 929,     A.3d (2017).

We briefly address the defendant's claim of newly discovered evidence of fraud. On March 4, 2015, the defendant filed a request for argument on the plaintiff's motions, which the court granted. In this request, the defendant claimed that "the plaintiff fabricated invoices, recorded work not done for the defendant and overbilled those that were done for her. The plaintiff violated several Connecticut codes of conducts and violated [CUTPA], among other violations in this case." In her amended objection to the plaintiff's motions, the defendant argued, inter alia, that the amount of damages that had been awarded to the plaintiff was excessive because those fees were unreasonable, that the plaintiff fraudulently had filed unnecessary motions, that the plaintiff had created fraudulent invoices after learning that the defendant had hired another lawyer, and that the plaintiff had breached the contract and the covenant of good faith and fair dealing, and had violated CUTPA.

Again, the defendant's allegations of fraud by the plaintiff and Weinstein pertain primarily to the legal fees in the underlying action and to Weinstein's fees. Further, the defendant has not filed a motion to open the judgment in the underlying action on the basis of fraud. See *Brody* v. *Brody*, 153 Conn. App. 625, 631,

103 A.3d 981 (well established general rule that motion to open judgment based on fraud not subject to four month limitation), cert. denied, 315 Conn. 910, 105 A.3d 901 (2014); *Terry* v. *Terry*, 102 Conn. App. 215, 222, 925 A.2d 375 (same), cert. denied, 284 Conn. 911, 931 A.2d 934 (2007). In other words, the defendant failed to place the issue of newly discovered evidence of fraud before the court, *Elgo, J.* "It is well established that an appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Citation omitted; internal quotation marks omitted.) *Dejana* v. *Dejana*, 176 Conn. App. 104, 111,    A.3d    (2017). Accordingly, we decline to consider the defendant's claim regarding the alleged fraudulent conduct of the plaintiff and Weinstein with respect to the underlying action. To the extent that the defendant also claims, for the first time on appeal, that Weinstein's fees were fraudulent, we likewise decline to consider that claim.

The judgment is affirmed.

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 53a-155 (a) provides: "A person is guilty of tampering with or fabricating physical evidence if, believing that a criminal investigation conducted by a law enforcement agency or an official proceeding is pending, or about to be instituted, such person: (1) Alters, destroys, conceals or removes any record, document or thing with purpose to impair its verity or availability in such criminal investigation or official proceeding; or (2) makes, presents or uses any record, document or thing knowing it to be false and with purpose to mislead a public servant who is or may be engaged in such criminal investigation or official proceeding."

[2] "The [attorney] fact finder found that the case was complicated by issues of Nigerian law, child custody, and the fact that the defendant's husband controlled all of the couple's assets." *Frauenglass & Associates, LLC* v. *Enagbare*, supra, 149 Conn. App. 107.

[3] On June 19, 2014, Weinstein filed affidavits of attorney's fees, along with itemized statements detailing his work during the trial and appellate proceedings.

[4] In the defendant's February 13, 2015 written objection to the plaintiff's motions for attorney's fees and interest, she challenged the fees charged to her by the plaintiff as being unreasonable and also claimed that the plaintiff fraudulently filed several motions that she "did not want" and that "were not necessary . . . ." Significantly, the defendant's motion did not address the motions for attorney's fees for Weinstein's trial and appellate work on behalf of the plaintiff or postjudgment statutory interest.

[5] The court's order stated: "The court grants the plaintiff's motion for interest at the statutory rate of 10 percent for the period of August 24, 2012, the date of judgment in this matter, through to the date of payment in full of all sums found due, pursuant to General Statutes § 37-3a and under *Rostad* v. *Hirsch*, 148 Conn. App. 441, 451, 85 A.3d 1212 (2014), appeals dismissed, 317 Conn. 290, 116 A.3d 307 (2015) (certification improvidently granted)."

[6] At the February 17, 2015 hearing, the defendant challenged the validity of the bill that she had received from the plaintiff for its services provided to her in the underlying action. She also argued that that bill was excessive. At the May 4, 2015 hearing, the plaintiff claimed that the plaintiff had violated "many of the professional code of conducts," and committed fraud by exces-

sive billing for work that had not been performed and by overbilling.

---