******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARYANNE HORNISH ET AL. *v.* TOWN OF SUFFIELD
(AC 47147)

Alvord, Westbrook and Wilson, Js.

*Syllabus*

The plaintiffs appealed from the Superior Court's judgment dismissing their administrative appeal from the final decision of the defendant Department of Agriculture, which had affirmed a disposal order, issued by an animal control officer for the defendant town, to euthanize the plaintiffs' dog. The plaintiffs claimed, inter alia, that the statute ((Rev. to 2019) § 22-358 (c)) authorizing the euthanizing of the dog was an unconstitutional delegation of legislative authority to the town in violation of the separation of powers doctrine. *Held*:

The plaintiffs could not prevail on their claim that § 22-358 (c) violated the separation of powers doctrine because, pursuant to *Bottone* v. *Westport* (209 Conn. 652), the separation of powers doctrine does not pertain to delegations of powers from the state legislature to a municipality, and it was clear under the statute (§ 22-331) governing the appointment of municipal animal control officers that the legislature has delegated the enforcement of dog bite statutes to municipalities pursuant to § 22-331 (b), and the animal control officer who issued the disposal order regarding the plaintiffs' dog was an employee of the town.

The plaintiffs failed to satisfy their burden of showing that the department's hearing officer violated their procedural rights under the Uniform Administrative Procedure Act (§ 4-166 et seq.) and deprived them of a fair hearing.

Argued April 14—officially released July 29, 2025

*Procedural History*

Administrative appeal from the final decision of the defendant Department of Agriculture affirming a disposal order issued by an animal control officer for the named defendant regarding the plaintiffs' dog, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Hon. Henry S. Cohn*, judge trial referee; judgment dismissing the appeal, from which the plaintiffs appealed to this court. *Affirmed.*

*Amy E. Markim*, with whom was *Timothy P. Jensen*, for the appellants (plaintiffs).

*Derek E. Donnelly*, with whom, on the brief, was *Eric Duey*, for the appellee (named defendant).

*Gail Shane*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (defendant Department of Agriculture).

*Opinion*

PER CURIAM. The plaintiffs, Maryanne Hornish and Neil Hornish, appeal from the judgment of the Superior Court dismissing their administrative appeal from the final decision of the defendant Department of Agriculture (department).[1] The final decision affirmed a disposal order, issued by an animal control officer for the defendant town of Suffield (town), to euthanize the plaintiffs' dog pursuant to General Statutes (Rev. to 2019) § 22-358, as amended by Public Acts 2019, No. 19-197, § 1.[2] On appeal, the plaintiffs claim that (1) § 22-358 (c) is an unconstitutional delegation of legislative authority in violation of the separation of powers doctrine, and (2) procedural irregularities deprived them of a fair hearing. We affirm the judgment of the Superior Court dismissing the plaintiffs' appeal.

The following facts, as set forth by the department's final decision maker, Bruce A. Sherman, are relevant to this appeal. The dog came to live with the plaintiffs, his owners, in June, 2019. On November 6, 2019, an incident occurred inside the plaintiffs' home in Suffield. A friend of the plaintiffs' family, Janet D'Aleo, accompanied by her home health aide, Elizabeth Nicholls, was visiting with Agnes Wosko, who is Maryanne Hornish's

---

[1] In their original complaint, filed on February 4, 2021, the plaintiffs named the town of Suffield as the sole defendant. On December 23, 2021, the plaintiffs filed an amended complaint that added the department as a party defendant.

[2] Hereinafter, unless otherwise indicated, all references to § 22-358 in this opinion are to the 2019 revision of the statute, as amended by Public Acts 2019, No. 19-197, § 1.

mother and lived with the plaintiffs. During the visit, the plaintiffs' dog, who was unprovoked, attacked and bit D'Aleo numerous times, resulting in her death. The plaintiffs were not home at the time the attack began, but Maryanne Hornish returned home at some point during the incident. Later that same day, the town's animal control officer, Ryan Selig, issued a quarantine order with respect to the dog. On November 14, 2019, Selig issued a disposal order pursuant to § 22-358 (c).

On November 18, 2019, Maryanne Hornish filed an appeal and request for a hearing with the department. A notice of hearing was provided to the parties, stating, inter alia, that the hearing would be conducted in accordance with the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., and the department's rules of practice, as set forth in §§ 22-7-8 through 22-7-38 of the Regulations of Connecticut State Agencies. Following a request filed by the Estate of Janet D'Aleo (estate), the hearing officer, Carole W. Briggs, granted the estate intervenor status.

The administrative hearing, during which the plaintiffs were self-represented, was held on June 2 and 4, 2020. The parties introduced documentary evidence and presented testimony. On October 20, 2020, the hearing officer issued a proposed final decision, recommending the affirmance of Selig's disposal order. After reviewing the record and considering the plaintiffs' exceptions to the proposed final decision, the final decision maker issued a December 21, 2020 final decision affirming Selig's order. The final decision incorporated the proposed final decision and included responsive language to the plaintiffs' exceptions.

Thereafter, the plaintiffs appealed to the Superior Court. The plaintiffs claimed that § 22-358 (c) is an unconstitutional delegation of legislative authority in violation of the separation of powers doctrine. The

plaintiffs further claimed that they were deprived of a fair hearing. The parties filed briefs and appeared before the court, *Hon. Henry S. Cohn*, judge trial referee. On November 13, 2023, the court issued its memorandum of decision in which it concluded that the statute was constitutional and rejected the plaintiffs' remaining challenges to the final decision. Accordingly, the Superior Court dismissed the plaintiffs' administrative appeal. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiffs' first claim on appeal is that § 22-358 (c) "violates the separation of powers provisions of the Connecticut constitution because it impermissibly delegates a legislative function to the executive branch without declaring a clear legislative policy, adequate standards, or intelligible principles to guide the animal control officer's decision." See Conn. Const., art. II. The town and the department respond that the statute is constitutional and also raise as an alternative ground for affirmance that the plaintiffs' claim fails on the basis that a legislative delegation of power to a municipality does not raise separation of powers concerns.[3] We agree with the town and the department's alternative ground for affirmance.

We first set forth our standard of review. "[A]lthough we have noted that [a]n agency's factual and discretionary determinations are to be accorded considerable

[3] The Superior Court noted the town and the department's alternative argument but addressed the plaintiffs' delegation argument directly, concluding that it was meritless. "It is well established that, [w]here the trial court reaches a correct decision but on [alternative] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive [alternative] ground for which there is support in the trial court record." (Internal quotation marks omitted.) *Manufacturers & Traders Trust Co.* v. *Virgulak*, 233 Conn. App. 329, 339 n.6,      A.3d      (2025).

weight by the courts . . . we have maintained that [c]ases that present pure questions of law . . . invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . The plaintiff's constitutional claims are therefore entitled to plenary review." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Dept. of Agriculture*, 168 Conn. App. 255, 266, 145 A.3d 393, cert. denied, 323 Conn. 936, 151 A.3d 386 (2016).

The statute at issue in the present case provides in relevant part: "The commissioner, the Chief Animal Control Officer, any animal control officer, any municipal animal control officer or any regional animal control officer may make any order concerning the restraint or disposal of any biting dog . . . as the commissioner or such officer deems necessary. . . . Any person aggrieved by an order of any municipal animal control officer, the Chief Animal Control Officer, any animal control officer or any regional animal control officer may request a hearing before the commissioner within fourteen days of the issuance of such order. Any order issued pursuant to this section that requires the restraint of an animal shall be effective upon its issuance and shall remain in effect during any appeal of such order to the commissioner. After such hearing, the commissioner may affirm, modify or revoke such order as the commissioner deems proper. . . ." General Statutes (Rev. to 2019) § 22-358 (c), as amended by Public Acts 2019, No. 19-197, § 1.

The following legal principles regarding the separation of powers also are relevant. "The [c]onstitution of this state provides for the separation of the governmental functions into three basic departments, legislative, executive and judicial, and it is inherent in this separation, since the law-making function is vested exclusively

in the legislative department, that the [l]egislature cannot delegate the law-making power to any other department or agency. In the establishment of three distinct departments of government, the [c]onstitution, by necessary implication, prescribes those limitations and imposes those duties which are essential to the independence of each and to the performance by each of the powers of which it is made the depositary." *State* v. *Stoddard*, 126 Conn. 623, 627, 13 A.2d 586 (1940); see also *Casey* v. *Lamont*, 338 Conn. 479, 503, 258 A.3d 647 (2021).

In *Bottone* v. *Westport*, 209 Conn. 652, 664, 553 A.2d 576 (1989), however, our Supreme Court explained: "The separation of powers doctrine . . . does not pertain to delegations from the state legislature to a municipality. A municipality cannot be considered 'any other department or agency' in the context of that phrase in *Stoddard*; a municipality is not one of the three departments enumerated in the constitution's separation of powers provision. Accordingly, a nondelegation doctrine founded upon the separation of powers doctrine does not pertain by jurisprudential necessity to the delegation of power from the state legislature to a municipality." (Footnote omitted.) The court went on to state that "the rule limiting the delegation of legislative power between coequal branches of state government is not the appropriate rule to govern the delegation of legislative power from the state to a municipality." Id., 667; see also *Stafford Higgins Industries, Inc.* v. *Norwalk*, 245 Conn. 551, 566, 715 A.2d 46 (1998).

In the present case, the plaintiffs have framed their constitutional challenge as one claiming a violation of the separation of powers doctrine. Our Supreme Court held in *Bottone* that the separation of powers doctrine does not pertain to delegations from the state legislature to a municipality. *Bottone* v. *Westport*, supra, 209 Conn. 664. Because the present case involves a delegation to

a municipality, the plaintiffs' claim is foreclosed by our Supreme Court's holding in *Bottone*.[4]

In their reply brief, the plaintiffs argue that "*Bottone* does not stand for the proposition that [§] 22-358 (c), which delegates authority to the [department] (which, in turn, sometimes but not always utilizes municipal animal control officers to carry out its actions), constitutes a delegation to a municipality to which *Bottone*, and not *Stoddard*, applies." We disagree. Pursuant to General Statutes § 22-331, municipal animal control officers are appointed by the municipality's chief of police or other appointing authority. It is clear under this statute that the legislature has delegated the enforcement of dog bite statutes to municipalities. Indeed, the plain language of § 22-331 provides that municipal animal control officers are appointed "to administer and enforce the laws relating to dogs and other domestic animals." General Statutes § 22-331 (b).[5] In the present case, the record reveals that Selig, the animal control officer who issued the disposal order, was an employee of the town. Accordingly, we reject the plaintiffs' claim rooted in the separation of powers doctrine.

## II

The plaintiffs' second claim on appeal is that procedural irregularities deprived them of a fair hearing. Specifically, they argue that (1) the town did not rule out

[4] The plaintiffs have waived any claim that the statute is unconstitutionally vague under a traditional due process analysis by their failure to brief any such claim. Likewise, the plaintiffs do not claim that, under the analysis in *Bottone*, the delegation to the municipality was unconstitutional because it did not provide "reasonable notice of what conduct may be authorized or prohibited . . . ." *Bottone* v. *Westport*, supra, 209 Conn. 675. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Bohonnon Law Firm, LLC* v. *Baxter*, 131 Conn. App. 371, 383, 27 A.3d 384, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011).

[5] General Statutes § 22-331 (b) provides in relevant part: "[T]he chief . . . of police in each other city or town having a police department . . . shall

that the dog was provoked, (2) the estate improperly was allowed to participate "as if it were a full party," (3) the town did not present an expert witness on D'Aleo's cause of death, and (4) the hearing officer improperly relied on the testimony of Shawn St. John, a detective with the Suffield Police Department, as to the home health aide's account of the incident. We conclude that the plaintiffs cannot prevail on their procedural claims.

We first set forth our well established standard of review of administrative agency rulings. "Judicial review of an administrative decision is a creature of statute . . . and [General Statutes § 4-183 (j)] permits modification or reversal of an agency's decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) [i]n violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error or law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . .

"Under the UAPA, the scope of our review of an administrative agency's decision is very restricted. . . . [R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither [the appellate] court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all the evidence, whether the agency,

appoint a municipal animal control officer . . . to administer and enforce the laws relating to dogs and other domestic animals. . . ."

in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have stated that not all procedural irregularities require a reviewing court to set aside an administrative decision . . . . The complaining party has the burden of demonstrating that its substantial rights were prejudiced by the error. . . . It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion . . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Miller* v. *Dept. of Agriculture*, supra, 168 Conn. App. 265–66.

The Superior Court, in considering the plaintiffs' appeal, first found that "substantial evidence existed for the animal control officer and the [department's final decision maker] to find that the dog was a danger and subject to the order at issue." Specifically, the court referenced the dog's history of biting and that he had bit D'Aleo and caused her death. The court referenced Detective St. John's testimony that he "spoke with Beth Sanchez, who had cared for the dog . . . for approximately two years, and, during that time, the dog was involved in three instances of aggression or bite events. Two had been reported to the Norwich police, while the third had not. Through a photo confirmation, Sanchez confirmed to . . . Selig that the dog she had cared for was the [plaintiffs'] dog . . . ."

The court then turned to the plaintiffs' procedural challenges, stating: "First, while admitting that hearsay proof is permissible in an administrative appeal hearing, [the plaintiffs] stated that the evidence must be reliable. They contend that [Detective] St. John's testimony was unreliable. The example given to the court was that [Detective] St. John gave different testimony regarding the incident in a deposition taken by the . . . estate after the plaintiffs' hearing. The final review of the [hearing officer], however, had not been issued at the time

when the deposition text became available. There was no reason why the plaintiffs could not have submitted the deposition to the town's hearing officer for [her] review. The plaintiffs argue that the doctor's report came to the attention of the plaintiffs immediately before the hearing. Further, the doctor himself did not testify. On the other hand, our Supreme Court has held that a hearing officer may make use of evidence as it exists in the record and may choose as [she] wants to make use of the evidence of record. . . . There was sufficient time after the municipal hearing for the plaintiffs to reply. The plaintiffs contend that [the hearing officer] did not discuss any provocation of the dog. But the text of the ruling . . . shows that the provocation was discussed. The plaintiffs contend that the . . . estate was allowed to participate in the hearing and dominated the hearing. The record shows, however, that the estate participated modestly at the hearing. The plaintiffs also question the [hearing officer's] use of [Wosko's] oral statement . . . . [Wosko] later wrote a written statement, but the hearing officer used the first oral statement. This was [her] prerogative in reviewing the evidence. The court observed that the plaintiffs chose to appear at the hearing as self-represented [parties]. Some of the alleged mistakes that they point to were caused by their voluntary decision to appear as self-represented [parties]. Our Appellate Court has recently declared that, while the trial court should be solicitous of self-represented parties, the trial court must also refrain from interfering with the rights of other parties, such as the municipality here." (Citation omitted.) Having rejected the plaintiffs' claims, the court dismissed the appeal.

On the basis of our examination of the record and the briefs, and our consideration of the arguments of the parties, we conclude that the plaintiffs cannot prevail

on their procedural claims.[6] See *Direct Energy Services, LLC* v. *Public Utilities Regulatory Authority*, 347 Conn. 101, 154, 296 A.3d 795 (2023). First, the plaintiffs' claim that the "town did not rule out" that the dog was provoked is belied by the record. The final decision maker considered the plaintiffs' exception to the proposed final decision on the issue of provocation and stated, from his review of the record, that he agreed with the hearing officer's determination that the dog was not provoked. This determination finds support in the record in the testimony of Selig and Detective St. John. We are not persuaded by the plaintiffs' contention otherwise. Second, the plaintiffs challenge the extent of the participation permitted by the estate, arguing that the estate improperly was permitted to cross-examine witnesses without limit. We agree with the Superior Court's determination that the "estate participated modestly at the hearing," and we conclude that the plaintiffs have not demonstrated any disruption of the proceedings related to the estate's participation.

---

[6] To the extent the plaintiffs seek to raise any claims that the hearing officer's procedures violated due process under the federal constitution, such claims are abandoned due to inadequate briefing. Specifically, the plaintiffs fail to "apply the traditional three part balancing test set forth in *Mathews* v. *Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to determine what safeguards the federal constitution requires to satisfy procedural due process." (Internal quotation marks omitted.) *Turn of River Fire Dept., Inc.* v. *Stamford*, 159 Conn. App. 708, 712 n.2, 123 A.3d 909 (2015). "It is well established that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) Id.; see also *Frauenglass & Associates, LLC* v. *Enagbare*, 149 Conn. App. 103, 110–11, 88 A.3d 1246 (federal due process claim was inadequately briefed where defendant failed to mention applicable balancing test, let alone include analysis of *Mathews* test as applied to facts of defendant's case), cert. denied, 314 Conn. 927, 101 A.3d 273 (2014). Accordingly, we deem any procedural due process claim abandoned due to inadequate briefing and decline to review it.

Third, the plaintiffs claim that the town should have introduced expert testimony relative to D'Aleo's cause of death. Section 7-2 of the Connecticut Code of Evidence provides in relevant part that an expert witness "may testify in the form of an opinion or otherwise concerning scientific, technical or other specialized knowledge, if the testimony will assist the trier of fact in understanding the evidence or in determining a fact in issue." In the present case, the final decision maker made clear that autopsy evidence was unnecessary in order for him "to reasonably conclude, on this record, that the bite or bites inflicted by [the dog] were very serious and that [the dog] is a risk to public safety . . . ." The ample evidence before the final decision maker concerning the dog bites that immediately preceded D'Aleo's death leads us to conclude that expert opinion as to the cause of her death was unnecessary. See *Utica Mutual Ins. Co.* v. *Precision Mechanical Services, Inc.*, 122 Conn. App. 448, 455, 998 A.2d 1228 ("[A]lthough expert testimony may be admissible in many instances, it is required only when the question involved goes beyond the field of the ordinary knowledge and experience of the trier of fact. . . . The trier of fact need not close its eyes to matters of common knowledge solely because the evidence includes no expert testimony on those matters. . . . Rather, [the finder of fact is] not expected to lay aside matters of common knowledge or [its] own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct." (Citation omitted; footnotes omitted; internal quotation marks omitted.)), cert. denied, 298 Conn. 926, 5 A.3d 487 (2010). Fourth, the plaintiffs claim that the hearing officer improperly relied on Detective St. John's testimony as to what the home health aide said about the incident, arguing that it constituted unreliable hearsay. "In administrative proceedings under the UAPA,

evidence is not inadmissible solely because it constitutes hearsay. . . . Additionally, a party to an administrative proceeding under the UAPA is not required to call any particular witness.” (Citations omitted.) *Miller* v. *Dept. of Agriculture*, supra, 168 Conn. App. 267. The plaintiffs have not demonstrated that the hearing officer erred in relying on Detective St. John’s testimony.[7] Accordingly, we conclude that the plaintiffs have failed to satisfy their burden of showing that the hearing officer violated their procedural rights under the UAPA.

The judgment is affirmed.

———————————

[7] The plaintiffs raise two additional contentions that warrant little discussion. First, in two brief paragraphs of their principal appellate brief, the plaintiffs suggest that the hearing officer erred in crediting the testimony of Detective St. John regarding the contents of an audio call from D’Aleo’s emergency call button. The plaintiffs claim that the hearing officer instead should have credited Neil Hornish’s testimony regarding the audio call. We reject this claim because it is well established that “[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.” (Internal quotation marks omitted.) *Cohen* v. *Dept. of Energy & Environmental Protection*, 215 Conn. App. 767, 830, 285 A.3d 760, cert. denied, 345 Conn. 968, 285 A.3d 1126 (2022), and cert. denied, 345 Conn. 969, 285 A.3d 737 (2022); see also *Goldstar Medical Services, Inc.* v. *Dept. of Social Services*, 288 Conn. 790, 830, 955 A.2d 15 (2008) (“[i]t is well established that it is the exclusive province of the trier of fact to make determinations of credibility, crediting some, all, or none of a given witness’ testimony”).

Second, the plaintiffs claim that “[t]he town and the estate were allowed to unfairly combine resources against the [self-represented] plaintiffs to create a biased record that ultimately led to a decision that was improper and substantially prejudicial to the plaintiffs.” In support of their claim, the plaintiffs repeat the various procedural challenges previously discussed in this opinion. Because we reject the plaintiffs’ procedural challenges, we likewise reject their contention that the alleged errors resulted in substantial prejudice to the plaintiffs.