## ROOSEVELT CAMPBELL *v.* COMMISSIONER OF CORRECTION
### (AC 32404)

Beach, Robinson and Alvord Js.

Argued September 16—officially released November 29, 2011

*Elio C. C. Morgan,* special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Roosevelt Campbell, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims the habeas court (1) abused its discretion in denying his petition for certification to appeal because the habeas court improperly denied the motion to withdraw filed by his habeas counsel and (2) denied his rights to effective assistance of counsel, to representation free from conflict and to a fair trial. We dismiss the appeal.

The following facts and procedural history are relevant to the resolution of the petitioner's claims. On February 8, 2006, the petitioner entered a guilty plea, pursuant to the *Alford*[1] doctrine, to manslaughter in the first degree and assault in the first degree. The court sentenced the petitioner to twenty years on the manslaughter charge, and ten years on the assault charge, to run consecutively, with a five year mandatory minimum sentence. The petitioner did not file a direct appeal.

On January 5, 2007, the petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of trial counsel.[2] On January 27, 2010, the petitioner's habeas counsel filed an *Anders*[3] brief seeking permis-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The petition also included claims of racial discrimination and cruel and unusual punishment; however, they were not addressed at the habeas trial.

[3] *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

sion to withdraw her appearance. The court denied the motion on February 5, 2010, finding that the motion was untimely.[4]

A habeas trial was held on February 25, 2010. The petitioner testified that when he pleaded guilty under the *Alford* doctrine, he believed that the sentences would run concurrently, rather than consecutively, and that after he completed the five mandatory years, he would be deported to Jamaica. The petitioner also testified that his habeas counsel "[had] done nothing." The petitioner noted that his counsel wanted to withdraw, and stated, "[i]f she be on the case, I don't believe she ever do a good job for me. She wants to come off."

When the court returned with its decision, the petitioner's counsel made a request on behalf of the petitioner "for him to have another lawyer besides [his present counsel]." The court denied the request stating that the case had been tried and a decision was to be issued.

At the conclusion of the trial, the court issued an oral decision denying the petition for a writ of habeas corpus. On March 9, 2010, the petitioner filed a petition for certification to appeal. In the petition, the petitioner stated that he was appealing on the grounds of "[s]en-

---

[4] The petitioner's habeas counsel objected to the court conducting the hearing in the petitioner's absence, as well as to the court's not allowing the petitioner thirty days to respond to counsel's motion to withdraw as provided by Practice Book §§ 23-41 and 23-42. The court responded that by denying the motion to withdraw, the court was protecting the petitioner's right to object to the motion. On February 17, 2010, the petitioner's counsel filed a request for a writ of mandamus to allow the petitioner the full thirty days allotted by the rules of practice to respond to habeas counsel's motion to withdraw. The court denied the writ finding that "[i]n denying the motion for permission to withdraw the court is preserving the petitioner's right to counsel. Accordingly, a response by the petitioner to the motion is unnecessary." On February 18, 2010, the petitioner filed an application for certification to pursue a public interest appeal pursuant to General Statutes § 52-265a, which was denied by the habeas court on February 24, 2010.

tencing procedures." The petitioner did not attach any additional sheets to the petition for certification to appeal that listed any additional grounds for the appeal. The court denied the petition for certification on March 10, 2010. This appeal followed.

We begin by setting forth the proper standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750–51, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

On appeal, the petitioner argues that the habeas court abused its discretion in denying his petition for certification to appeal to challenge its alleged mishandling of habeas counsel's motion to withdraw. The petitioner also contends that, as a result of the denial of the motion

to withdraw, he was denied his rights to effective assistance of counsel, to representation free from conflict and to a fair trial.

The petitioner's petition for certification to appeal cited "[s]entencing procedures" as the basis for which he sought review. The petition did not include claims relating to the court's dismissal of habeas counsel's motion to withdraw, or any claims regarding ineffective assistance of counsel or conflict of interest. This court has determined that a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of issues that were not actually raised in the petition for certification to appeal. See *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 796, 28 A.3d 1015 (2011); *Logan* v. *Commissioner of Correction*, supra, 125 Conn. App. 752–53; *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 6–7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). Under such circumstances, the petition for certification to appeal could not have apprised the habeas court that the petitioner was seeking certification to appeal based on such issues. See *Mitchell* v. *Commissioner of Correction*, supra, 7. A review of such claims would "amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) Id.

The petition for certification to appeal listed "[s]entencing procedures" as the only basis for which the petitioner sought review. No matter how broadly we construe the language in the petition for certification to appeal, we cannot conclude that the habeas court was adequately apprised of the issues the petitioner now asserts on appeal. Because the petitioner failed to raise the claims in his petition for certification to appeal that he now alleges on appeal, we decline to afford them review.

The appeal is dismissed.