******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL KOWALYSHYN *v.* COMMISSIONER
OF CORRECTION
(AC 35778)

DiPentima, C. J., and Sheldon and Sullivan, Js.

*Argued December 1, 2014—officially released February 10, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*John C. Drapp III*, assigned counsel, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich*, state's attorney, and *Yamini Menon*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

SULLIVAN, J. The petitioner, Michael Kowalyshyn, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the habeas court abused its discretion in denying certification to appeal and improperly (1) granted the motion to withdraw filed by his second appointed attorney, and (2) declined to appoint successor counsel for his habeas trial based upon the finding that the petitioner had waived his right to counsel as a result of his misconduct. We dismiss the petitioner's appeal.

The record discloses the following facts and procedural history. In 2007, following a jury trial, the petitioner was convicted of attempt to commit assault in the second degree in violation of General Statutes §§ 53a-49 (a) (2) and § 53a-60, threatening in the second degree in violation of General Statutes § 53a-62, reckless endangerment in the second degree in violation of General Statutes § 53a-64, intimidation based on bigotry or bias in the second degree in violation of General Statutes § 53a-181k, and disorderly conduct in violation of General Statutes § 53a-182. The court sentenced the petitioner to a total effective term of eight years incarceration followed by two years of special parole. On direct appeal, this court affirmed the judgment of conviction. *State* v. *Kowalyshyn*, 118 Conn. App. 711, 713, 985 A.2d 370, cert. denied, 295 Conn. 903, 989 A.2d 602 (2010).

Following his conviction and his direct appeal, the petitioner, on March 12, 2010, filed the petition for a writ of habeas corpus that is at issue in this appeal. The petitioner appended a letter to his habeas petition, which stated "some of [his] claims," and he requested that an attorney be appointed to represent him "because the prison will not allow [him] to use a law library." Subsequently, the habeas court appointed Attorney Donald O'Brien as counsel for the petitioner. "[R]eading the complaint most broadly in [the petitioner's] favor," the habeas court summarized the three claims raised by the petitioner in his habeas petition: (1) the trial court violated his due process rights by allegedly altering records and tapes from the pretrial suppression hearing; (2) his trial counsel, Attorney Richard Marquette, provided constitutionally deficient representation; and (3) his appellate counsel, Attorney Glenn W. Falk, provided constitutionally deficient representation. On October 13, 2011, the court, *Solomon, J.*, granted O'Brien permission to withdraw from the petitioner's case.[2]

On January 6, 2012, the habeas court appointed a second attorney, Grayson Holmes, to represent the petitioner. Holmes subsequently filed a motion to withdraw

from the petitioner's case because he felt "threatened and uncomfortable," and he believed that there was no longer a "functioning [attorney-client] relationship" between himself and the petitioner.[3] On December 19, 2012, the court, *Solomon, J.*, held a hearing on Holmes' motion to withdraw. The court granted Holmes' motion to withdraw and declined to appoint new counsel to represent the petitioner. The court found that, although the petitioner did not physically attack Holmes, he had threatened both O'Brien and Holmes, and therefore had "waived his right to counsel" through his misconduct.

On March 5, 2013, after a trial to the habeas court, *Newson, J.*, the court issued an oral memorandum of decision denying the petitioner's petition for a writ of habeas corpus. Thereafter, the petitioner filed a petition for certification to appeal pursuant to General Statutes § 52-470 (g).[4] In his petition for certification to appeal, the petitioner indicated that the grounds for his petition for certification were written in his application for waiver of fees, costs and expenses and appointment of counsel on appeal, which he filed with the court on March 14, 2013. In that application, the petitioner set forth the following as the basis for his appeal: "I am not well informed enough to state grounds for this appeal and need [an] attorney to help me articulate my grounds, because the [Department of Correction] has a policy not allowing a prisoner to learn about the law, or a [person's] rights, because they won't let us read law books. I am in [segregation], so they will not allow me to use [a] law library!" On March 15, 2013, the habeas court denied the petition for certification to appeal. This appeal followed.

"We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that . . . § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), we incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then dem-

onstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

Having set forth the appropriate standard of review, we next consider the relevant principles of substantive law that guide our analysis. This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal, and the issues on appeal had not been raised in the petition for certification. See, e.g., *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 696–97, 91 A.3d 535, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014). A habeas petitioner cannot establish that the habeas court abused its discretion in denying certification on issues that were not raised in the petition for certification to appeal.

In *Stenner* v. *Commissioner of Correction*, 144 Conn. App. 371, 373, 71 A.3d 693, cert. denied, 310 Conn. 918, 76 A.3d 633 (2013), this court declined to review the petitioner's claim that the habeas court abused its discretion in denying his petition for certification to appeal. The petitioner in *Stenner* argued on appeal that the habeas court abused its discretion in denying his petition for certification because his trial counsel rendered ineffective assistance. Id., 374. The petitioner's application for waiver of fees, costs and expenses and appointment of counsel on appeal, however, cited " '[c]onfrontation [clause] violated pursuant to 6th amendment' " as his ground for appeal. Id. The court in *Stenner* concluded that the petitioner could not demonstrate that the habeas court had abused its discretion in denying the certification petition on the basis of issues that were not actually raised in the petition for certification to appeal. Id., 374–75.

The petitioner in *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 31 A.3d 1182 (2011), similarly failed to raise the claims that he alleged on appeal in his petition for certification, and so the court declined to afford them appellate review and dismissed his appeal. In that case, "[t]he petitioner's petition for certification to appeal cited '[s]entencing procedures' as the basis for which he sought review. The petition did not include [the] claims [raised on appeal] relating to the court's dismissal of habeas counsel's motion to withdraw, or any claims regarding ineffective assistance of counsel or conflict of interest." Id., 267. This court determined that "[u]nder such circumstances, the peti-

tion for certification to appeal could not have apprised the habeas court that the petitioner was seeking certification to appeal based on such issues. . . . A review of such claims would amount to an ambuscade of the [habeas] judge." (Citation omitted; internal quotation marks omitted.) Id.

The petitioner in the present case has failed to establish that the habeas court abused its discretion and cannot, therefore, properly obtain appellate review of the habeas court's decision. See *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). As set forth previously in this opinion, in his petition for certification to appeal, the petitioner requested review based upon the grounds articulated in his application for waiver of fees, costs and expenses and appointment of counsel on appeal. In that application, the petitioner stated that he required an attorney to help him articulate his legal basis for his appeal. The petitioner, accordingly, did not specify the grounds upon which he sought to appeal the decision of the habeas court denying his petition for certification to appeal from the denial of his petition for a writ of habeas corpus.

It is elemental that this court is bound by the claims set forth by the appellant in his appeal. See, e.g., *Keating* v. *Glass Container Corp.*, 197 Conn. 428, 431, 497 A.2d 763 (1985) ("[w]e have repeatedly held that [our appellate courts] will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim"). As noted, the petitioner claims on appeal that it was an abuse of the habeas court's discretion to deny his petition for certification to appeal by (1) granting the motion to withdraw of his second appointed attorney, and (2) declining to appoint successor counsel for his habeas trial based upon the finding that the petitioner waived his right to counsel as a result of his misconduct. The claims raised by the petitioner before this court were not raised before the habeas court as a basis upon which certification should be granted and, therefore, the habeas court could not have abused its discretion in denying the petition for certification to appeal on the basis of these claims. It would constitute an ambuscade of the trial court for this court to review issues that were never considered by the habeas court in denying the petition for certification. See *Campbell* v. *Commissioner of Correction*, supra, 132 Conn. App. 267. Because the petitioner failed to raise the claims he now alleges in his petition for certification or in his application for waiver of fees, costs and expenses and appointment of counsel, this court declines to afford them review. See *Stenner* v. *Commissioner of Correction*, supra, 144 Conn. App. 375; *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 217.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] In June, 2006, the petitioner filed a prior petition for a writ of habeas corpus in the Superior Court for the judicial district of Tolland. Pursuant to Practice Book § 23-24, the court declined to issue the writ. Practice Book § 23-24 provides in relevant part that "[t]he judicial authority shall issue the writ unless it appears that: (1) the court lacks jurisdiction; (2) the petition is wholly frivolous on its face; or (3) the relief sought is not available. . . ."

In his present petition for a writ of habeas corpus, however, the petitioner checked the box to indicate that he had not filed previously any other habeas corpus petitions. Notwithstanding this response, the petitioner answered a subsidiary question in which he stated that he has raised his claims in the present petition "only in a civil claim with the Claims Commissioner." For clarity, we refer in this opinion to the petition for a writ of habeas corpus that was filed by the petitioner on March 12, 2010.

[2] When O'Brien moved to withdraw, he did not state the reasons for doing so in open court, but later testified regarding the circumstances surrounding his own withdrawal at the hearing on the motion to withdraw of the petitioner's second counsel. O'Brien testified that, during his representation of the petitioner, he became concerned for his own safety due to what he perceived as a threat by the petitioner that he would be a "target" in the future.

[3] Holmes testified that, before trial, he had visited the petitioner at the Northern Correctional Institution, "and then when [he and the petitioner] did a [judicial] pretrial with Judge Levine, [he] met [the petitioner] at [the Superior Court] in lockup." The habeas court summarized the interaction between Holmes and the petitioner during the judicial pretrial as follows: "[The petitioner] . . . indicated that when he gets out of prison he or someone he knows would come find [Holmes] and that it would not be a legal attack, but a sneak [attack], and [Holmes] responded and asked if that was a threat, and [the petitioner] said it's a threat, but if [Holmes did what the petitioner asked him to do], then the threat is off." The habeas court then asked Holmes whether "that [description] accurately [characterizes] what transpired that day." Holmes responded: "From what I remember, yes, sir." Holmes also testified, that after the pretrial conference, he "sent [the petitioner] a letter informing [the petitioner] that [he] was filing a motion to withdraw," and explained to the petitioner his reasons for seeking withdrawal. Holmes further testified that, to his recollection, the letter also informed the petitioner that Holmes was filing an affidavit under seal to protect the confidentiality of their communications.

[4] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."