******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOSE ERIC RAMOS *v.* COMMISSIONER
# OF CORRECTION
# (AC 46912)

Suarez, Clark and Wilson, Js.

*Syllabus*

The petitioner, who previously had been convicted of murder, appealed following the denial of his petition for certification to appeal from the habeas court's judgment denying his habeas petition. He claimed, inter alia, that the court violated his statutory and constitutional right to habeas counsel and his due process rights under the fifth and fourteenth amendments to the United States constitution by conducting an inadequate canvass of him before granting his motion to dismiss habeas counsel. *Held*:

The habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal with respect to his unpreserved claim that the court conducted an inadequate canvass, the petitioner having failed to demonstrate that this claim was of constitutional magnitude alleging a violation of a fundamental right, as there is no federal constitutional right to counsel in a habeas proceeding, he failed to brief his procedural due process claim pursuant to *Mathews* v. *Eldridge* (424 U.S. 319), and, to the extent he intended to claim that the state constitution provides broader protection than the federal constitution by guaranteeing a right to habeas counsel and a corresponding right to an adequate canvass before permitting a petitioner to proceed in a self-represented capacity, this court declined to address that claim because he failed to provide an independent and sufficient analysis of it in accordance with any of the factors set forth in *State* v. *Geisler* (222 Conn. 672).

The habeas court did not abuse its discretion in denying the petition for certification to appeal with respect to the petitioner's claim that the court improperly concluded that his trial counsel was not ineffective, as the habeas court did not have the opportunity to consider the claim in the context of the petition for certification to appeal because the petitioner failed to raise it in his petition and the claim did not relate to the court's handling of the habeas proceedings.

Argued October 9, 2025—officially released January 27, 2026

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *M. Murphy, J.*, granted the petitioner's motion to dismiss counsel; thereafter, the case was tried to the court, *Newson, J.*; judgment denying the petition; subsequently, the court, *Newson,*

*J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Michael W. Brown*, assigned counsel, with whom, on the brief, was *Abigail H. Mason*, assigned counsel, for the appellant (petitioner).

*Nathan J. Buchok*, assistant state's attorney, with whom, on the brief, were *Paul Narducci*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

CLARK, J. The petitioner, Jose Eric Ramos, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal because the habeas court (1) violated his statutory and constitutional right to habeas counsel and his due process rights under the fifth and fourteenth amendments to the United States constitution by conducting an inadequate canvass of him before granting his motion to dismiss counsel, and (2) improperly concluded that his trial counsel was not ineffective. The respondent, the Commissioner of Correction, argues that the appeal should be dismissed because (1) these claims were not included in the petitioner's petition for certification to appeal, and (2) the petitioner's first claim fails under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).[1] We agree with the respondent and, accordingly, dismiss the appeal.

[1] The respondent also argues in the alternative that the habeas court properly granted the petitioner's motion to dismiss counsel and that the habeas court correctly concluded that the petitioner failed to establish his trial counsel was ineffective. Because we conclude that the appeal must be dismissed for the reasons set forth herein, we do not address the respondent's arguments addressing the merits of the petitioner's claims.

The following facts and procedural history are relevant to this appeal. On February 19, 2016, following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a. On April 29, 2016, the court sentenced the petitioner to a total effective sentence of sixty years of imprisonment. On direct appeal, this court affirmed the judgment of conviction. See *State* v. *Ramos*, 178 Conn. App. 400, 414, 175 A.3d 1265 (2017), cert. denied, 327 Conn. 1003, 176 A. 3d 1195 (2018), cert. denied, 585 U.S. 1007, 138 S. Ct. 2656, 201 L. Ed. 2d 1056 (2018).

On June 16, 2016, the petitioner commenced the present habeas corpus action. The petitioner initially requested the appointment of counsel, and the habeas court appointed Kirschbaum Law Group as habeas counsel. Kirschbaum Law Group appeared on behalf of the petitioner on September 8, 2016, and, between that date and March 4, 2021, filed several amended petitions on the petitioner's behalf.

On March 21, 2022, the petitioner filed a motion to dismiss counsel in which he also requested that the court order, inter alia, that the respondent allow him unlimited access to his case files and telephone calls to enable him to adequately represent himself. The habeas court, *M. Murphy, J.*, held a hearing on the motion on April 28, 2022. At the hearing, the petitioner explained that he wanted to represent himself because his case was being delayed due to assigned counsel's lack of access to and inability to communicate with him.[2] The court inquired as to whether the petitioner would have "enough of resources to represent" himself. The petitioner maintained that he was "ready, willing and able" to represent himself and had access to "all the legal material necessary to proceed . . . ." The court informed the petitioner that

[2] The April 28, 2022 hearing transcript indicates that the restrictions the petitioner experienced attempting to access or communicate with counsel were due to COVID-19 protocols within the facility where the petitioner was incarcerated at the time.

there were going to be "limitations" put on his access to the case file due to the "rules for safety and integrity" at the Department of Correction. The petitioner, who was appearing remotely before the court, repeatedly interrupted the court to voice his objection to those limitations and, to prevent further interruptions, the court muted his microphone. The court then granted the motion to dismiss counsel. Thereafter, the petitioner was taken off mute, and the court asked the petitioner if there were any further issues he wanted to address. The petitioner thanked the court for granting his motion and requested a ruling on his objection to the limitations. The court overruled his objection and indicated that it would issue a written order setting forth the parameters of the petitioner's right to access materials necessary to represent himself and that the petitioner could file a motion objecting to the order after it was issued.

The court issued its written order on the motion to dismiss counsel that same day, on April 28, 2022. The written order specified that "the petitioner's current counsel shall send the petitioner's case files to the Office of the Chief Public Defender (OCPD). The OCPD may share the now self-represented petitioner's case file with the petitioner in the following manner: Pursuant to . . . Practice Book [§] 23-38 (b) and (c), the OCPD may provide to the petitioner properly redacted copies of discovery materials from the underlying criminal proceedings and/or habeas matters, limited in the following manner. Any discovery materials provided to the self-represented petitioner from his underlying criminal file and/or habeas matters shall be redacted by the entity providing the files to the petitioner to eliminate personal identification information regarding victims, witnesses, persons giving statements, etc. See General Statutes § 54-86e." The order did not address the petitioner's request for an order requiring the respondent to give him unlimited access to his case files and telephone calls. The petitioner

filed a written objection to the order on May 9, 2022,[3] which the court subsequently denied.

The petitioner thereafter proceeded in a self-represented capacity. On May 4, 2022, the petitioner filed the operative eighth amended petition for a writ of habeas corpus, which included seven counts: **(1)** actual innocence; **(2)** a violation of his due process rights as a result of the state's failure to disclose exculpatory evidence; **(3)** a violation of his due process rights as a result of the state's knowing presentation of false testimony; **(4)** ineffective assistance of trial counsel for a variety of reasons; **(5)** a violation of his due process rights as a result of the state's failure to preserve evidence; **(6)** a violation of the confrontation clause as a result of the state's failure to present an accuser at trial; and **(7)** a violation of his right to equal protection and due process as a result of the state's and the trial court's failure to perfect jurisdiction, to advise him of his rights, and to allow the petitioner to represent himself.

The habeas court, *Newson, J.*, conducted a trial over the course of three days on December 1, 2022, and March 1 and May 10, 2023. On July 11, 2023, the habeas court issued a memorandum of decision in which it rendered judgment denying the petitioner's petition for a writ of habeas corpus in its entirety.[4]

Thereafter, on July 24, 2023, the petitioner filed a petition for certification to appeal pursuant to General

---

[3] In his written objection, the petitioner objected to the limitations placed on his access to discovery materials. The habeas court treated the petitioner's objection as a motion to reargue/reconsider.

[4] On July 26, 2016, the petitioner also filed a petition for a new trial in which he represented himself. On January 10, 2022, the petitioner filed a motion to consolidate his petition for a writ of habeas corpus and his petition for a new trial. The court, *Oliver, J.*, denied that motion but ordered that the cases could be tried together by agreement of the parties. The July 11, 2023 memorandum of decision addressed both the petition for a new trial and the petition for a writ of habeas corpus. The court, *Newson, J.*, also denied the petitioner's petition for a new trial in that memorandum of decision. The petitioner appealed from the denial of his petition for a new trial, and this court dismissed the appeal because the petitioner failed to comply with the certification

Statutes § 52-470 (g). In his petition for certification to appeal, the petitioner sought certification to pursue the following claims on appeal: **(1)** the habeas court had a conflict of interest that prevented it from being impartial; **(2)** the habeas court lacked authority to adjudicate his claims; **(3)** the habeas court was not the proper venue for the habeas proceeding; **(4)** the habeas court demonstrated undue bias/prejudice to him; **(5)** the habeas court was practicing law from the bench; **(6)** the habeas court's continuous objections and interruptions violated his constitutional rights; **(7)** the habeas court violated his constitutional rights by preventing him from asking witnesses about reward money; **(8)** the habeas court misrepresented the facts and evidence presented at trial in its memorandum of decision; **(9)** the habeas court's denial of certain subpoenas violated his constitutional rights; and **(10)** "[a]ll other issues that may become apparent upon the review of the transcripts and/or questions that arise." The habeas court denied the petition for certification to appeal on August 1, 2023. This appeal followed.[5] Additional facts will be set forth as necessary.

On appeal, the petitioner raises two claims: **(1)** the habeas court violated his statutory and constitutional right to habeas counsel and to due process under the fifth and fourteenth amendments to the United States constitution and article first, §8, of the Connecticut constitution by granting his motion to dismiss counsel without adequately canvassing him, and **(2)** the court improperly concluded that his trial counsel was not ineffective. The petitioner first argues that both of his claims were properly preserved for appeal because they were sufficiently raised in his petition for certification to appeal.[6] In addition, with respect to his first claim, the

requirements of General Statutes § 54-95 (a). See *Ramos* v. *State*, 236 Conn. App. 560, 561,    A.3d    (2025).

[5] The petitioner requested and obtained the appointment of counsel to represent him in this appeal.

[6] Specifically, the petitioner points to the following grounds for appeal outlined in his petition for certification: **(4)** "Did the trial court demonstrate undue bias/prejudice to the petitioner?"; **(6)** "Was the petitioner's constitutional rights to: access of court and/or to petition for redress

petitioner argues in the alternative that, even if that claim was not raised in his petition for certification, it is reviewable under *Golding* because it relates to the habeas court's handling of the habeas proceedings. See *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 358, 297 A.3d 541 (2023) (holding that claims challenging habeas court's handling of habeas proceedings may be reviewable under plain error doctrine or *Golding* even if not included in petition for certification to appeal).[7] The respondent argues that the two claims are unreviewable because they were not included in the petition for certification to appeal, and, thus, the petitioner cannot show that the habeas court abused its discretion in denying certification to appeal. The respondent further argues

of grievances and/or due process and/or equal protections of the law violated by the trial court's continuous objects and/or interruptions?"; (7) "Was the petitioner's constitutional rights to: due process; fair trial; equal protections of the law; petition for redress of grievance, etc. violated by the trial court's orders/instructions that prevented the petitioner from asking (a) witness(es) about reward money on direct examination?"; (9) "Was the petitioner's [constitutional rights to: due process; fair trial; petition for redress of grievance; access of court; effective assistance of counsel violated by the trial court's denial of the petitioner's applications for specific subpoenas?"; (10) "All other issues, that may become apparent upon the review of the transcripts, and/or questions that arise."

[7] The petitioner did not allege or brief a claim of plain error in his principal appellate brief. Neither his principal nor his reply brief sets forth the legal analysis or our standard of review for determining whether his claim satisfies the plain error doctrine. "[W]e will not review an underlying claim for plain error unless the request for relief under that doctrine has been adequately briefed. . . . A party claiming plain error must engage in a separate analysis under that doctrine to demonstrate that plain error has occurred under the circumstances of [the] case. . . . Indeed, a mere conclusory assertion of plain error is insufficient to allow this court to reach the merits of an unpreserved claim under that doctrine." (Internal quotation marks omitted.) *State* v. *Carlson*, 226 Conn. App. 514, 540, 318 A.3d 283, cert. denied, 350 Conn. 911, 324 A.3d 143 (2024). "[W]e will not consider arguments raised for the first time in a reply brief." *State* v. *Toro*, 172 Conn. App. 810, 820, 162 A.3d 63, cert. denied, 327 Conn. 905, 170 A.3d 2 (2017). We decline to review the petitioner's claim under the plain error doctrine because he did not clearly allege plain error in his principal appellate brief and because he failed to brief the issue adequately in either of the briefs he filed with this court.

that, although the petitioner's claim challenging the adequacy of the habeas court's canvass prior to granting the petitioner's request to dismiss counsel relates to the habeas court's handling of the habeas proceedings, it is not a claim of constitutional magnitude that warrants review under *Golding*.

We begin our analysis by setting forth the standard of review and procedural requirements with which a petitioner must comply to obtain appellate review when a petition for certification has been denied. General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

"In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . § 52-470 [g] prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner

who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Emphasis in original; internal quotation marks omitted.) *Kowalyshyn* v. *Commissioner of Correction*, 155 Conn. App. 384, 388–89, 109 A.3d 963, cert. denied, 316 Conn. 909, 111 A.3d 883 (2015).

It is well established that, as a general matter, "[a]n appellate court . . . reviews only the merits of the claims specifically set forth in the petition for certification." (Internal quotation marks omitted.) *Reese* v. *Commissioner of Correction*, 219 Conn. App. 545, 549, 295 A.3d 513, cert. denied, 348 Conn. 906, 301 A.3d 1056 (2023). "This court has declined to review issues in a petitioner's habeas appeal in situations where the habeas court denied certification to appeal, and the issues on appeal had not been raised in the petition for certification. . . . A habeas petitioner cannot establish that the habeas court abused its discretion in denying certification on issues that were not raised in the petition for certification to appeal." (Citation omitted.) *Kowalyshyn* v. *Commissioner of Correction*, supra, 155 Conn. App. 389; see also *Fine* v. *Commissioner of Correction*, 163 Conn. App. 77, 82, 134 A.3d 682 ("when a petitioner does not raise a specific claim in the petition for certification to appeal, we cannot conclude that the court abused its discretion in denying the petition for certification with respect to that claim"), cert. denied, 320 Conn. 925, 133 A.3d 879 (2016); *Blake* v. *Commissioner of Correction*, 150 Conn. App. 692, 697, 91 A.3d 535 ("[b]ecause it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal" (internal quotation marks omitted)), cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014); *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011) (review of claims not raised in petition for certification to appeal

would "amount to an ambuscade of the [habeas] judge" (internal quotation marks omitted)).

This court has addressed on several occasions the issue of whether a petitioner has sufficiently raised a claim in a petition for certification. In *Reese* v. *Commissioner of Correction*, supra, 219 Conn. App. 545, this court held that a general allegation "in the petition for certification that the court erred in denying [the] habeas petition and that the petitioner may raise other issues upon a review of the record"; id., 551; did not suffice to raise a specific claim in the petition for certification to appeal, and, thus, that we could not "conclude that the court abused discretion that it was never asked to exercise." Id., 552. The court further clarified that the relevant consideration is not whether the "habeas court may have considered and exercised its discretion with respect to rulings it made during the habeas trial" but, rather, whether the court had an "opportunity to consider those issues in the context of a petition for certification to appeal . . . ." (Internal quotation marks omitted.) Id., 551. Thus, raising or litigating issues in the habeas trial is insufficient to satisfy the requirement that such issues must be raised in the petition for certification to appeal.

In *Schuler* v. *Commissioner of Correction*, 200 Conn. App. 602, 611–12, 238 A.3d 835 (2020), cert. denied, 336 Conn. 905, 243 A.3d 1180 (2021), this court determined that it could not review the merits of an ineffective assistance of counsel claim because, even though that claim was the only claim raised in the petition for a writ of habeas corpus, the petition for certification to appeal did not state the grounds upon which the petitioner intended to appeal. The court explained that, "in the absence of any stated grounds on which the petitioner proposed to appeal, the habeas court was left to speculate as to what issue or issues the petitioner might have sought to raise on appeal . . . [and] could only guess whether [the petitioner] intended to challenge on appeal the court's denial of the sole claim alleged in his petition . . . or, instead, rulings on evidentiary claims or . . . pretrial motions."

(Emphasis omitted; internal quotation marks omitted.) Id.; see also *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463 (declining to review claim when allegation that "'[t]he court erred in denying the petition'" did not "apprise the court" of basis on which petitioner was seeking certification to appeal), cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

Applying these principles to the present case, we conclude that the petitioner failed to raise either of the claims he seeks to pursue on appeal in his petition for certification. The petitioner asserted ten claims in his petition for certification to appeal. None of them reasonably can be construed as a claim that the habeas court improperly granted the petitioner's request to dismiss counsel without performing an adequate canvass of the petitioner or that the habeas court improperly concluded that the petitioner's trial counsel was not ineffective. Moreover, although the two issues on appeal may have arisen or been considered by the court during the habeas proceedings, the court did not have the opportunity to consider them in the context of the petition for certification to appeal. "It would constitute an ambuscade of the [habeas] court for this court to review issues that were never considered by the habeas court in denying the petition for certification." *Kowalyshyn* v. *Commissioner of Correction*, supra, 155 Conn. App. 391. Additionally, as was the case in *Reese*, the petition's mere assertion that the petitioner may raise other issues upon review of the record did not provide the habeas court an opportunity to exercise its discretion to assess the viability of the claims that the petitioner now raises on appeal. See *Reese* v. *Commissioner of Correction*, supra, 219 Conn. App. 551. Accordingly, and in the absence of any claim that the petitioner's claim of ineffective assistance of trial counsel is nevertheless reviewable under *Banks*, we conclude that the petitioner has failed to establish

that the habeas court abused its discretion in denying his petition for certification to appeal that claim.

With respect to the petitioner's first claim of error concerning the adequacy of the habeas court's canvass at the time it granted his motion to dismiss habeas counsel, the petitioner argues, in the alternative, that if we conclude that he failed to raise that claim in his petition for certification to appeal, that claim is still reviewable under *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 335. Specifically, the petitioner argues that this claim is reviewable because it challenges the habeas court's handling of the habeas proceeding itself and because it is of constitutional magnitude implicating his federal constitutional right to due process under the fifth and fourteenth amendments to the United States constitution and his state constitutional rights under article first, §8, of the Connecticut constitution.

In support of this argument, the petitioner presents a single analysis for both his state and federal constitutional claims. He argues that, because Connecticut law extends to a habeas petitioner a right to *competent* counsel which is, in effect, the same right that a defendant has in a criminal prosecution, the constitutional right to an adequate canvass that is required in order to safeguard a criminal defendant's sixth amendment right to counsel and self-representation "must" also apply to a habeas petitioner seeking to proceed in a self-represented capacity. The respondent argues that the claim is not reviewable under *Golding* because "a habeas petitioner has no constitutional right to counsel in a habeas proceeding." (Internal quotation marks omitted.) We conclude that the petitioner's claim fails under the second prong of *Golding* because he has failed to demonstrate that his claim is of constitutional magnitude.

In *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 335, our Supreme Court held that "§52-470 (g) does not restrict [a reviewing court's] authority to review unpreserved claims under the plain error doctrine or *Golding* following a habeas court's denial of a petition for

certification to appeal, so long as the appellants' claims challenge the habeas court's handling of the habeas proceeding itself and the appellant fulfills his or her burden of establishing that the unpreserved claims involve issues that are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."[8] (Emphasis omitted; internal quotation marks omitted.) Id., 350. "In other words, the appellant must demonstrate that the unpreserved and uncertified claims are nonfrivolous, which we define as raising a colorable claim of plain error or the violation of a constitutional right due to the actions or omissions of the habeas court. Only if the appellant succeeds in surmounting that hurdle will the appellate court review the appellant's unpreserved claims on the merits." (Internal quotation marks omitted.) Id., 350–51; see also *Bosque* v. *Commissioner of Correction*, 347 Conn. 377, 379, 297 A.3d 981 (2023) ("unpreserved claims challenging the habeas court's handling of the habeas proceeding itself are reviewable under the plain error doctrine and *Golding*, despite the failure to include those claims in the petition for certification to appeal, if the appellant can demonstrate that the claims are nonfrivolous because they involve issues that are debatable among jurists of reason; that a court *could* resolve [them in a different manner]; or that [they] are adequate to deserve

---

[8] In *Banks*, our Supreme Court emphasized "that a petitioner raising an unpreserved claim that was not included in the petition for certification to appeal under the plain error doctrine or *Golding* must fulfill the burden of establishing that the habeas court's denial of the petition for certification to appeal was an abuse of its discretion under the [*Simms* v. *Warden*, supra, 230 Conn. 616] criteria." *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 358. Our Supreme Court noted, however, that "[t]he more accurate inquiry . . . is whether it *would have been* an abuse of discretion to deny the petition for certification to appeal if the unpreserved issue had been included in the petition for certification." (Emphasis in original.) Id., 358 n.13.

encouragement to proceed further" (emphasis in original; internal quotation marks omitted)**)**.

"In *Golding*, our Supreme Court held that a [petitioner] can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: **(1)** the record is adequate to review the alleged claim of error; **(2)** the claim is of constitutional magnitude alleging the violation of a fundamental right; **(3)** the alleged constitutional violation . . . exists and . . . deprived the [petitioner] of a fair trial; and **(4)** if subject to harmless error analysis, the [respondent] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the [petitioner's] claim will fail. The appellate tribunal is free, therefore, to respond to the [petitioner's] claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original; internal quotation marks omitted.) *Banks* v. *Commissioner of Correction*, 225 Conn. App. 234, 248–49, 314 A.3d 1052, cert. denied, 349 Conn. 922, 321 A.3d 1130 (2024). An affirmative request is not required to obtain review pursuant to *Golding*. *State* v. *Elson*, 311 Conn. 726, 754–55, 91 A.3d 862 (2014). Rather, to obtain *Golding* review, the petitioner must "present a record that is [adequate] for review and affirmatively [demonstrate] that his claim is indeed a violation of a fundamental constitutional right." (Internal quotation marks omitted.) Id., 755. For the following reasons, we conclude that the petitioner has failed to demonstrate that his claim is of a constitutional magnitude alleging the violation of a fundamental right.

First, there is no federal constitutional right to habeas counsel. Although "[t]he sixth amendment to the United States constitution guarantees a criminal defendant facing incarceration the right to assistance of counsel for his defense"; *State* v. *Cushard*, 328 Conn. 558, 566, 181 A.3d 74 (2018); and "a corresponding right to decline the assistance of counsel and instead represent himself"; id., 567; it is well established that "there is no [federal]

constitutional right to counsel in habeas proceedings . . . .” *Morgan* v. *Commissioner of Correction*, 87 Conn. App. 126, 132, 866 A.2d 649 (2005). Although “General Statutes § 51-296[9] . . . creates a statutory right to counsel . . . for an indigent defendant . . . *in any habeas corpus proceeding arising from a criminal matter*”; (emphasis in original; footnote added; internal quotation marks omitted) id.; that right is derived from statute. See *Lozada* v. *Warden*, 223 Conn. 834, 838, 613 A.2d 818 (1992) (“[t]he right to effective assistance of [habeas] counsel is predicated on the statutory right to habeas counsel pursuant to . . . § 51-296”). Moreover, although, in *Lozada*, our Supreme Court held that the statutory right to counsel in habeas proceedings pursuant to § 51-296 also guarantees habeas petitioners the right to effective assistance of counsel; id., 838–39; the court also specifically noted that a petitioner “possesses no federal constitutional right to counsel in a habeas corpus proceeding.” Id., 839 n.8; see also *Harris* v. *United States*, 367 F.3d 74, 77 (2d Cir. 2004) (“a habeas petitioner has no constitutional right to counsel in his habeas proceeding”). Rather, “the [s]ixth [a]mendment [to the United States constitution] only applies to a defendant’s trial and first appeal as of right, *not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings* . . . .” (Emphasis in original; internal quotation marks omitted.) *Small* v. *State*, 101 Conn. App. 213, 219, 920 A.2d 1024 (2007), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009).[10] Cf. *Peeler* v. *Commissioner of Correction*, 170 Conn. App. 654, 672 n.11, 155 A.3d 772 (emphasizing that right to self-representation in habeas proceeding is

[9] General Statutes § 51-296 (a) provides in relevant part: “In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . .”

[10] See, e.g., *Duperry* v. *Solnit*, 261 Conn. 309, 318, 803 A.2d 287 (2002) (habeas corpus proceeding is collateral proceeding).

"nonconstitutional right to self-representation" (emphasis omitted)), cert. denied, 325 Conn. 901, 157 A.3d 1146 (2017).

During oral argument before this court, the petitioner argued, for the first time, that the habeas court's alleged inadequate canvass violated his right to procedural due process pursuant to the framework established by *Mathews* v. *Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). In *Mathews*, the United States Supreme Court "established a three-prong balancing test to determine what safeguards the federal constitution requires to satisfy procedural due process." (Internal quotation marks omitted.) *Frauenglass & Associates, LLC* v. *Enagbare*, 149 Conn. App. 103, 110, 88 A.3d 1246, cert. denied, 314 Conn. 927, 101 A.3d 273 (2014). The petitioner, however, did not clearly raise and did not brief any such claim in his principal appellate brief or his reply brief. Indeed, the petitioner's briefs make no mention at all of *Mathews* and fail to engage in anything resembling the three part balancing test that decision requires in order to determine whether a party's federal right to procedural due process has been violated. As a result, we conclude that the petitioner has failed to brief a procedural due process claim and therefore cannot demonstrate that his claim is of constitutional magnitude. See *Hornish* v. *Suffield*, 234 Conn. App. 85, 95 n.6, 343 A.3d 516, cert. denied, 353 Conn. 920, 345 A.3d 809 (2025) (finding federal due process claim inadequately briefed where plaintiffs failed to "apply the traditional three part balancing test set forth in *Mathews*" (internal quotation marks omitted)).

Lastly, to the extent that the petitioner intended to claim that article first, §8, of the Connecticut constitution provides broader protection than the federal constitution by guaranteeing a right to habeas counsel and a corresponding right to an adequate canvass before permitting a petitioner to proceed in a self-represented capacity, we decline to address any such claim because the petitioner failed to provide an independent and sufficient

analysis of it in accordance with any of the factors set forth in *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992).[11] The petitioner's brief provides no analysis of the text or history of the state constitution, related Connecticut precedents, or persuasive precedents from federal or state courts. Instead, the petitioner merely cites to the provision of the state constitution upon which he purports to rely and asserts in a conclusory fashion that because there is a statutory right to habeas counsel that includes a right to competent counsel, his right to an adequate canvass before proceeding in a self-represented capacity is protected under both the state and federal constitutions.

It is the established precedent of this court not to review state constitutional claims in the absence of an independent and adequate analysis. See *Barros* v. *Barros*, 309 Conn. 499, 507 n.9, 72 A.3d 367 (2013) ("we will not entertain a state constitutional claim unless the defendant has provided an independent analysis under the particular provisions of the state constitution at issue" (internal quotation marks omitted)); *State* v. *Griffin*, 217 Conn. App. 358, 363 n.3, 288 A.3d 653 ("[T]o the extent that the defendant has attempted to advance such a state constitutional claim on appeal, he has not adequately briefed it pursuant to the strictures of *State* v. *Geisler*, [supra, 222 Conn. 684–85]. Accordingly, even if raised, we deem it abandoned."), cert. denied, 346 Conn. 917, 290 A.3d 799 (2023); *Peeler* v. *Commissioner*

---

[11] "In construing the Connecticut constitution to determine whether it provides our citizens with greater protections than the federal constitution, we employ a multifactor approach that we first adopted in [*Geisler*]. The factors that we consider are (1) the text of the relevant constitutional provisions; (2) related Connecticut precedents; (3) persuasive federal precedents; (4) persuasive precedents of other state courts; (5) historical insights into the intent of [the] constitutional [framers]; and (6) contemporary understandings of applicable economic and sociological norms [otherwise described as public policies]." (Internal quotation marks omitted.) *State* v. *Haynes*, 352 Conn. 236, 245–46, 336 A.3d 1139 (2025). "The *Geisler* analysis applies to cases in which the state constitution has no federal analogue, as well as those in which the claim is that the state constitution provides greater protection than does the federal constitution." (Internal quotation marks omitted.) Id., 247.

*of Correction*, supra, 170 Conn. App. 671 n.9 ("The petitioner asks this court to recognize a constitutional right to self-representation at a habeas trial pursuant to article first, §8, of the Connecticut constitution . . . . We decline to address this claim because the petitioner failed to provide an independent analysis of it under the Connecticut constitution."). Because the petitioner has failed to brief a state constitutional claim, any such claim is deemed abandoned. As a result, he cannot demonstrate that his claim is of constitutional magnitude under the second prong of *Golding* on the basis of such a claim.

Accordingly, because the petitioner's first claim was not raised in his petition for certification and is not reviewable under *Golding* pursuant to *Banks* and because his second claim of ineffective assistance of counsel was not raised in his petition for certification and does not relate to the habeas court's handling of the habeas proceedings, we conclude that the petitioner has failed to demonstrate that the habeas court abused its discretion when it denied his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.